IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  4:06-cr-029 |
| Plaintiff, | ) | |
| | ) | **PRELIMINARY ORDER OF** |
| -vs- | ) | **FORFEITURE** |
| | ) | |
| DANNY RAY HOVERSON, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, in the Indictment regarding the above case, the United States sought forfeiture of specific property constituting proceeds obtained via illegal activity of the above-captioned defendant, DANNY RAY HOVERSON, pursuant to Title 21, United States Code, Section 853, as property constituting or derived from any proceeds obtained directly or indirectly as a result of the violation, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count One of the Indictment.

AS A RESULT of the guilty plea on October 26, 2006, to Counts One and Two of the Indictment together with the defendant's waiver of any rights to said property pursuant to the Plea Agreement, the defendant, DANNY RAY HOVERSON, shall forfeit to the United States of America all of his right, title and interest to:

1.  A blue 1955 Chevrolet ½ ton short box pickup, VIN 0335503F55DC;

2.  A red 1962 Chevrolet truck, VIN 2C1404603728A;

3.  A red 1967 Chevrolet Camaro, VIN 123377L156558;

4.  A maroon 1967 Chevrolet Malibu, VIN 136177116679;

5.  A black 1968 Chevrolet Camaro SS, VIN 124378N323559;

6.  A yellow 1968 Chevrolet Camaro, VIN 124378N413315;

7.  A blue 1969 Chevrolet Camaro SS, VIN 124379N604485;

8.  A black 1970 Chevrolet Camaro, VIN 124870L523155;

9.  A black 1972 Chevrolet El Camino, VIN 1D80H2L509164;

10.  A white 1995 Chevrolet C/K1500 pickup, VIN 1GCEK19K2SE227254;

11.  A black 1996 Mitsubishi 3000 GT VR4, VIN JA3AN74K9TY002652;

12.  A white 1998 Chevrolet Camaro, VIN 2G1FP22G4W2142069;

13.  A silver 1999 Chevrolet Suburban, VIN 1GNFK16R4XJ477610;

14.  A red 1980 Chevrolet Corvette Race Car, VIN unknown; and

15.  A black 1978 Chevrolet Corvette Race Car, VIN 1Z87L8S413961.

AND AS A RESULT of the guilty plea on October 26, 2006, to Counts One and Two of the Indictment, this Court finds the United States is entitled to a personal money judgment against defendant DANNY RAY HOVERSON, in the amount of $200,000 in United States currency pursuant to 21 U.S.C. §§ 853 and Rule 32.2, Federal Rules of Criminal Procedure.

It is hereby ORDERED, ADJUDGED and DECREED:

1.  That all of the defendant's right, title and interest in the following property is hereby forfeited, that the United States is hereby authorized to seize the following property at the time of sentencing, and it will be forfeited to the United States of America for disposition in accordance with the law, that being:

2

    a.  A blue 1955 Chevrolet ½ ton short box pickup, VIN 0335503F55DC;

    b.  A red 1962 Chevrolet truck, VIN 2C1404603728A;

    c.  A red 1967 Chevrolet Camaro, VIN 123377L156558;

    d.  A maroon 1967 Chevrolet Malibu, VIN 136177116679;

    e.  A black 1968 Chevrolet Camaro SS, VIN 124378N323559;

    f.  A yellow 1968 Chevrolet Camaro, VIN 124378N413315;

    g.  A blue 1969 Chevrolet Camaro SS, VIN 124379N604485;

    h.  A black 1970 Chevrolet Camaro, VIN 124870L523155;

    i.  A black 1972 Chevrolet El Camino, VIN 1D80H2L509164;

    j.  A white 1995 Chevrolet C/K1500 pickup, VIN 1GCEK19K2SE227254;

    k.  A black 1996 Mitsubishi 3000 GT VR4, VIN JA3AN74K9TY002652;

    l.  A white 1998 Chevrolet Camaro, VIN 2G1FP22G4W2142069;

    m.  A silver 1999 Chevrolet Suburban, VIN 1GNFK16R4XJ477610;

    n.  A red 1980 Chevrolet Corvette Race Car, VIN unknown; and

    o.  A black 1978 Chevrolet Corvette Race Car, VIN 1Z87L8S413961

2.  That all of the aforementioned forfeited property is to be held by the United States Marshal Service, in their custody and control.

3.  That the United States Marshal Service shall publish at least once for three successive weeks in The Minot Daily News, a newspaper of general circulation where the forfeited property was seized, notice of this Order, notice of the Government's intent to dispose of the property in such manner as the United States may direct and notice that any

person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.  That upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

It is further ORDERED, ADJUDGED and DECREED:

1.     Based upon the defendant's plea agreement, a personal money judgment in the amount of $200,000 against defendant DANNY RAY HOVERSON, is entered in favor of the United States, and $200,000 is hereby forfeited to the United States for disposition in accordance with the law.

2.     The United States is authorized to conduct discovery in accordance with the Federal Rules of Civil Procedure.

3.     The United States District Court shall retain jurisdiction in the case for the

4

purpose of enforcing this order.

4.      Pursuant to Rule 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment.  Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5.      The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed $200,000 to satisfy the money judgment against defendant DANNY RAY HOVERSON in whole or part.

6.      When property is located, it is to be held by the United States Marshal's Service, in its secure custody pending resolution of all third-party interests as provided in 21 U.S.C. § 853(n).

ORDERED this 31st day of October, 2006.


*/s/ Daniel L. Hovland*_____
Daniel L. Hovland, Chief Judge
United States District Court

5